# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EMMA KATHY LOVE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | **MEMORANDUM OPINION** <br> **AND RECOMMENDATION** <br><br> 1:07CV648 |

Plaintiff, Emma Kathy Love, brought this action pursuant Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits and granting her claim for Supplemental Security Income under, respectively, Titles II and XVI of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 25, 2004, alleging a disability onset date of August 25, 1999.[1] Tr. 54. The application was denied initially and upon reconsideration. Tr. 39-40. Plaintiff requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Tr. 53.

---

[1] Plaintiff previously filed an application for DIB on January 15, 2004, alleging a disability onset date of August 25, 1999, which was denied at the initial level. Tr. 68.

By decision dated October 24, 2006, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. Tr. 266. On June 28, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 348.

Plaintiff subsequently filed applications for DIB and supplemental security income ("SSI") on January 29, 2007, and again on August 29, 2007. Tr. 374-75. The DIB application was denied on the basis of *res judicata*. Tr. 374. The SSI application filed in January 2007 was denied at the initial level in April 2007. Id. The SSI application filed in August 2007 "was closed as a duplicate claim for consolidation with the court remand." Tr. 12.

In the meantime, Plaintiff filed a complaint in this court seeking reversal of the Commissioner's 2006 decision denying her 2004 DIB claim. Tr. 353-54. The court thereafter entered a consent order pursuant to sentence six of 42 U.S.C. § 405(g) remanding the matter and ordering the ALJ to reconstruct exhibits missing from the administrative record. See Tr. 361. On January 10, 2008, the Appeals Council remanded the matter to the ALJ pursuant to the consent order, and further ordered the ALJ to consider whether the August 29, 2007, SSI claim should be consolidated with the 2004 DIB claim. Tr. 368.

The ALJ subsequently reopened the denial of the January 29, 2007, SSI application and consolidated both SSI claims with the 2004 DIB claim. Tr. 12. A supplemental hearing was held on April 30, 2008, at which Plaintiff, her attorney and a vocational expert ("VE") appeared. Tr. 594. On June 18, 2008, the ALJ entered

a partially favorable decision in which he denied Plaintiff's DIB claim but granted her claim for SSI as of January 29, 2007, the date the first open application for SSI was filed. See Tr. at 13. The ALJ's decision became the Commissioner's final decision for purposes of judicial review pursuant to 20 C.F.R. §§ 404.955 and 404.981.

In reaching his decision, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1. The claimant met the insured status requirements of the Social Security Act through March 31, 2005.
>
> 2. The claimant has not engaged in substantial gainful activity since August 25, 1999, the alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).
>
> 3. Since the onset date of disability, the claimant has had the following severe impairments: degenerative disc disease of the lumbar spine, chronic left hip bursitis, left knee chondromalacia, obesity, and a depressive disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. Since the alleged onset date of disability, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).
>
> 5. During the period through March 31, 2005, the date last insured, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) which is unskilled and allows a sit/stand option.
>
> 6. Beginning on January 29, 2007, the date the claimant filed her Title XVI application, the claimant lacks the residual functional capacity to perform any substantial gainful activity on a sustained basis.
>
> 7. Since the alleged onset date of disability, the claimant has been unable to perform past relevant work (20 CFR 404.1565 and 416.965).

8. The claimant was born on April 25, 1959, and was a younger individual age 18-44 on the alleged disability onset date (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not material to the determination of disability during the period through March 31, 2005, because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. Beginning on January 29, 2007, the claimant has not been able to transfer any job skill to other occupations (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

11. During the period through March 31, 2005, considering the claimant's age, education, work experience and residual functional capacity, there were a significant number of jobs in the national economy that the claimant could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

12. Beginning on January 29, 2007, considering the claimant's age, education, work experience and residual functional capacity, there are not a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

13. The claimant was not disabled prior to January 29, 2007, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

14. The claimant was not under a disability within the meaning of the Social Security Act at any time through March 31, 2005, the date last insured (20 CFR 404.315(a) and 404.320(b)).

Tr. 15-24.

**Analysis**

In her brief before the court, Plaintiff argues that the Commissioner's decision is in error because the ALJ incorrectly determined the onset date of disability. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was first disabled as of January 29, 2007.

Scope of Review

The Act provides that, for "eligible"[2] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. §§ 404.1520, 416.920.

---

[2] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1), and for SSI at 42 U.S.C. § 1382(a).

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Disability Onset Date

Plaintiff argues that the ALJ failed to apply the appropriate legal standards in selecting an onset date of Plaintiff's disability. Docket No. 19 at 5. As argued by

6

Plaintiff, Social Security Ruling ("SSR") 83-20 governs the determination of the onset date of disability. Plaintiff contends that the ALJ arbitrarily chose Plaintiff's onset date rather than making a reasonable inference based on Plaintiff's allegations, work history, and medical and other evidence, as required by SSR 83-20.[3] Id.

Once the ALJ makes a finding of disability, he must determine the onset date. See, e.g., Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997). The onset date of disability is the first day a claimant is disabled as defined in the Act and the regulations. SSR 83-20. For an SSI claim,

> [o]nset will be established as of the date of filing provided the individual was disabled on that date. Therefore, specific medical evidence of the exact onset date need not generally be obtained prior to the application date since there is no retroactivity of payment because [SSI] payments are made beginning with the date of application provided that all conditions of eligibility are met.

Id.

The ALJ found that Plaintiff was not disabled prior to March 31, 2005, her date last insured, but that the evidence established that her back condition and depression worsened in 2006 during the period between her date last insured and her application for SSI. Tr. 19. Accordingly, the ALJ granted Plaintiff's SSI claim as of the application date. Id. Under the regulations, the earliest a claimant is eligible

---

[3] The court limits its review solely to this issue because that is the scope of Plaintiff's challenge. Plaintiff does not contest the ALJ's factual findings underlying his decision that she was not disabled prior to March 31, 2005, her date last insured. See Docket No. 19 at 3-6.

for SSI is the first month after the month an application is filed. 20 C.F.R. § 416.335. In light of the ALJ's factual finding that Plaintiff was not disabled prior to her date last insured, a finding not challenged by Plaintiff, the earliest she was eligible to receive SSI benefits was January 29, 2007. This being the onset date of disability as found by the ALJ, there is no error.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence; and the correct legal principles were applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding disability beginning on January 29, 2007, be **AFFIRMED**. To this extent, Plaintiff's motion for summary judgment (docket no. 18) seeking a reversal of the Commissioner's decision should be **DENIED**, Defendant's motion for judgment on the pleadings (docket no. 20) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

WALLACE W. DIXON
United States Magistrate Judge

August 26, 2011